# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**Alice Brewer,**

   **Plaintiff,**

**v.**                         **Case No. 19-2071-JWL**

**IMG College, LLC;**
**IMG College Seating, LLC; and**
**IMG College Licensing, LLC,**

   **Defendants.**

## **MEMORANDUM & ORDER**

Plaintiff Alice Brewer filed this lawsuit against defendants asserting employment-related claims of discrimination and retaliation in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. This matter is presently before the court on defendants' motion to compel arbitration and to stay this case pending arbitration (doc. 7). As set forth in more detail below, defendants' motion is granted.[1]

*Factual Background*

IMG College is a leading collegiate sports marketing company that provides national, regional and local advertising and marketing opportunities for businesses to reach college sports fans. At all pertinent times, IMG College's business headquarters were in North Carolina. In

---

[1] For purposes of this memorandum and order, the court will refer to defendants collectively as "IMG College."

August 2015, plaintiff began her employment with IMG College as a Senior Account Executive at its University of Kansas facility in Lawrence, Kansas.

At the time IGM College extended an employment offer to plaintiff in July 2015, all "new hires" were required to sign employment agreements. Consistent with this practice, IMG College emailed plaintiff an offer letter in July 2015 that was accompanied by an employment agreement. Plaintiff accepted the offer by signing the employment agreement on July 23, 2015. Kristine Schroeder, IMG College's Director of Human Resources, signed the agreement on behalf of IMG College the following day and the executed agreement was maintained in plaintiff's personnel file. The employment agreement contains an arbitration provision requiring the parties to submit to arbitration any dispute related to the employment relationship, including the termination of that relationship.

IMG College terminated plaintiff's employment in February 2018. After exhausting her administrative remedies, plaintiff filed this lawsuit. IMG College asserts that the filing was done in contravention of the arbitration provision.

*Legal Framework*

Congress enacted the Federal Arbitration Act ("FAA") "in response to widespread judicial hostility to arbitration agreements." *Beltran v. AuPairCare, Inc.*, 907 F.3d 1240, 1250 (10th Cir. 2018) (quoting *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011)). Under the FAA, "A written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at

law or in equity for the revocation of any contract." *Id*. (quoting 9 U.S.C. § 2). Thus, if the court is "satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." *Id*. (quoting 9 U.S.C. § 4).

In deciding whether to grant a motion to compel arbitration, courts must resolve "whether the parties are bound by a given arbitration clause." *Id*. (quoting *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002)).[2] This inquiry requires a court to determine whether the arbitration agreement should "be declared unenforceable 'upon such grounds as exist at law or in equity for the revocation of any contract.'" *Id*. at 1250-51 (quoting *Concepcion*, 563 U.S. at 339 (quoting 9 U.S.C. § 2)). "This saving clause permits agreements to arbitrate to be invalidated by 'generally applicable contract defenses, such as fraud, duress, or unconscionability,' but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." *Id*. at 1251 (quoting *Concepcion*, 563 U.S. at 339). The enforceability of the agreement is a matter of state law. *Id*. (citing *Concepcion*, 563 U.S. at 339).

The parties agree that under the choice-of-law provision in the employment agreement, North Carolina law governs the enforcement of the arbitration provision. North Carolina public policy strongly favors arbitration. *Gemini Drilling & Foundations, LLC v. National Fire Ins. Co.*, 665 S.E.2d 505, 509 (N.C. Ct. App. 2008). Under North Carolina law, general principles of

---

[2] Courts at times must also resolve "whether an arbitration clause in a concededly binding contract applies to a particular type of controversy." *Beltran*, 907 F.3d at 1250 (quoting *Howsam*, 537 U.S. at 84). But plaintiff here does not dispute that, if the arbitration provision is enforceable, the claims in this lawsuit are covered by it.

contract law govern the issue of whether there exists a valid agreement to arbitrate. *Canadian American Ass'n of Professional Baseball, Ltd. v. Ottawa Rapidz*, 711 S.E.2d 834, 837 (N.C. Ct. App. 2011). The party seeking arbitration bears the burden of proving that the parties mutually agreed to arbitrate their disputes, *see id*., and the party opposing arbitration bears the burden of proving any defense, such as unconscionability. *See Tillman v. Commercial Credit Loans, Inc*., 655 S.E.2d 362, 369 (N.C. Ct. App. 2008).

In support of the motion to compel arbitration, IMG College highlights the existence of each element of an enforceable contract—offer, acceptance and sufficient consideration (*i.e*., the parties' mutual agreement to arbitrate any disputes). *See China Grove 152, LLC v. Town of China Grove*, 773 S.E.2d 566, 572 (N.C. Ct. App. 2015) (valid contract requires offer, acceptance and sufficient consideration). In response to IMG College's motion, plaintiff contends that no valid agreement to arbitrate exists because the agreement lacks sufficient consideration and is substantively unconscionable. As will be explained, sufficient consideration to support the agreement exists and plaintiff has not satisfied her burden of proving unconscionability. The parties, then, are required to arbitrate this dispute.

*Sufficient Consideration*

The arbitration provision in the parties' employment agreement provides that "[u]nless the resolution of a particular dispute is barred by law, the parties agree to submit to arbitration any dispute related to the employment relationship and/or the termination of that relationship and agree that the arbitration process shall be the exclusive, final and binding means for resolving disputes which the parties cannot themselves resolve." Relying on this mutual

4

agreement to arbitrate, IMG College asserts that the agreement is supported by sufficient consideration. *See Howard v. Oakwood Homes Corp.*, 516 S.E.2d 879, 881 (N.C. Ct. App. 1999) (mutual promises to arbitrate contained in an arbitration agreement constitute sufficient consideration for that agreement). Nonetheless, plaintiff contends that no reciprocal agreement exists here because IMG College retains the ability to seek "provisional" injunctive relief in court to enforce the non-compete, non-solicitation, trade secret and confidentiality obligations set forth in the employment agreement pending a decision on the merits by an arbitrator.

Plaintiff directs the court to only one case in support of her argument—a case from the Missouri Court of Appeals, *Jimenez v. Cintas Corp.*, 475 S.W.3d 679 (Mo. Ct. App. 2015). But the provision at issue in *Jimenez* was a complete exception to arbitration—the employer was permitted to seek injunctive relief in court without submitting those claims to arbitration. *See id.* at 687-88. Here, the exception provides only "provisional" injunctive relief pending arbitration. Both the Fourth Circuit and federal district courts in North Carolina have recognized that the specific reservation of rights utilized by IMG College is "merely declaratory of existing legal rights." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bradley*, 756 F.2d 1048, 1053–54 (4th Cir. 1985) (quoting *Erving v. Virginia Squires Basketball Club*, 468 F.2d 1064, 1067 (2nd Cir. 1972)); *UBS Painwebber, Inc. v. Aiken*, 197 F. Supp. 2d 436, 441 (W.D.N.C. 2002) (employer reserved right to seek preliminary injunctive relief pending arbitration and district court had jurisdiction to enter that relief despite the fact that case was subject to binding arbitration). In other words, IMG College's reservation of the right to seek injunctive relief pending arbitration does not alter the fact that IMG College, like plaintiff, is required to arbitrate any and all disputes arising out of the employment relationship. The court, then, rejects plaintiff's argument

5

that the agreement is not supported by adequate consideration. Both parties are required to arbitrate any disputes arising between them and, accordingly, sufficient consideration to support the agreement exists. *See Howard*, 516 S.E.2d at 881.

*Unconsciousability*

That leaves only plaintiff's argument that the arbitration provision is substantively unconscionable. Under North Carolina law, a contract will be found to be unconscionable "only when the inequality of the bargain is so manifest as to shock the judgment of a person of common sense," and where the terms are "so one-sided that the contracting party is denied any opportunity for a meaningful choice." *Zhu v. Deng*, 794 S.E.2d 808, 812 (N.C. Ct. App. 2016). A party claiming unconscionability must prove both procedural and substantive unconscionability. *Tillman v. Commercial Credit Loans, Inc.*, 655 S.E.2d 362, 370 (2008). As the court explained in *Tillman*:

> [P]rocedural unconscionability involves "bargaining naughtiness" in the form of unfair surprise, lack of meaningful choice, and an inequality of bargaining power. Substantive unconscionability, on the other hand, refers to harsh, one-sided, and oppressive contract terms. Of course, unconscionability is ultimately "a determination to be made in light of a variety of factors not unifiable into a formula." Therefore, we note that while the presence of both procedural and substantive problems is necessary for an ultimate finding of unconscionability, such a finding may be appropriate when a contract presents pronounced substantive unfairness and a minimal degree of procedural unfairness, or vice versa.

*Id*. (citations and quotations omitted).

Plaintiff does not contend that the agreement is procedurally unconscionable. She does not challenge any of the circumstances surrounding the execution or bargaining of the

6

agreement. Moreover, there is nothing in the record from which the court might discern even a minimal degree of procedural unfairness. For this reason, plaintiff has not satisfied her burden of establishing that the arbitration provision is unconscionable and the court need not consider plaintiff's argument that the arbitration provision is substantively unconscionable. *See Surles v. Green Tree Serv., LLC*, 2015 WL 5655827, at *2-3 & n.3 (E.D.N.C. Sept. 24, 2015) (declining to reach question of whether contract was substantively unconscionable where plaintiff did not show that contract was procedurally unconscionable); *Klopfer v. Queens Gap Mountain, LLC*, 816 F. Supp. 2d 281, 291 (W.D.N.C. Sept. 15, 2011) (where plaintiffs did not show procedural unconscionability in any degree, court found it unnecessary to address substantive unconscionability); *Dawbarn v. Dawbarn*, 625 S.E.2d 186, 190 (N.C. Ct. App. 2006) (declining to address whether contract was substantively unconscionable where defense failed on procedural unconscionability); *Sidden v. Mailman*, 529 S.E.2d 266, 273 (N.C. Ct. App. 2000) (declining to address procedural unconscionability where agreement was not substantively unfair and thus was not unconscionable).[3]

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' motion to compel arbitration (doc. 7) is **granted.** The parties are directed to proceed to arbitration of

---

[3] Even if the court were inclined to address substantive unconscionability, it would reject plaintiff's argument on that issue. The specific terms challenged by plaintiff—limited discovery for both parties, confidentiality by both parties, forum selection of Winston-Salem, discretionary rather than mandatory attorneys' fees to plaintiff if she prevails, and potentially high costs—do not render the agreement substantively unfair. *See Brenner v. Little Red School House, Ltd.*, 274 S.E.2d 206, 213 (N.C. 1981) (substantive unconscionability is found only "where the terms are so oppressive that no reasonable person would make them on the one hand, and no honest and fair person would accept them on the other").

plaintiff's claims.  The court will stay the judicial proceedings in this case pending completion of the arbitration process.  Counsel for the parties are directed to report to the court in writing no later than **Monday, January 13, 2020** concerning the status of that arbitration in the event that it has not been terminated earlier.  Failure to so report will lead to dismissal of this case for lack of prosecution.

**IT IS SO ORDERED.**

Dated this 11th day of July, 2019, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge